| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:06cr00026 |
| v. | ORDER and OPINION |
| TERRENCE OVERTON BARBOUR, *Defendant* | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion to Suppress, filed on December 21, 2006 (docket entry no. 42). For the reasons stated below and those stated on the record at the December 29, 2006, hearing, this motion is hereby GRANTED.

When Defendant was placed under arrest, the arresting officer informed him of the charges for which he was being held, that he had a right to remain silent, a right to an attorney, and that if he could not afford an attorney, one would be appointed for him. The officer did not, however, inform Defendant that any statement he made could be used as evidence against him — advice required by *Miranda v. Arizona*, 384 U.S. 436 (1966).

As the Sixth Circuit stated in *United States v. Tillman*, 963 F.2d 137 (6th Cir. 1992), "[o]f all of the elements provided for in *Miranda*, this element is perhaps the most critical because it lies at the heart of the need to protect a citizen's Fifth Amendment rights." *Tillman*, 963 F.2d at 141. The court went on to note that:

> The underlying rationale for the *Miranda* warnings is to protect people from being coerced or forced into making self-incriminating statements by the government. By omitting this essential element from the *Miranda* warnings a person may not realize why the right to remain silent is so

critical. Although we as judges and lawyers may be aware of the link
between these elements we can not be so presumptuous as to think that it
would be common knowledge to laymen. It would clearly be unreasonable
to say defendant was somehow informed of this right.

*Id.*

The defendant in *Tillman* was told that he did not have to make any statements to the police, but was not told that if he chose to make statements that they could be used as evidence against him. The court held that "[t]his is a dangerous omission because a person under arrest would feel more compelled to answer questions of police officers," and suppressed the defendant's statements. *Id.* at 141–42.

For these same reasons, Defendant's statements made to the arresting officer while he was being interrogated must be suppressed as substantive evidence against him.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record and to the Defendant.

ENTERED: *[signature]*
United States District Judge

December 29, 2006
Date